■ The People of the State of New York, Respondent, v Terrick Terrell, Appellant. [974 NYS2d 286]—Appeals by the defendant, as limited by his motion, from two sentences of the Supreme Court, Kings County (Mondo, J.), both imposed February 22, 2012, upon his pleas of guilty, on the ground that the sentences were excessive.

Ordered that the sentences are affirmed.

The defendant's purported waivers of his right to appeal were invalid (*see People v Lopez*, 6 NY3d 248 [2006]; *People v Collins*, 104 AD3d 785, 785 [2013]; *People v Norfort*, 101 AD3d 756 [2012]) and, thus, do not preclude review of his excessive sentence claims. However, the sentences imposed were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Skelos, Roman, Cohen and Hinds-Radix, JJ., concur.

■ The People of the State of New York, Respondent, v Infinite Turner, Appellant. [974 NYS2d 289]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (D'Emic, J.), imposed December 14, 2011, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

Contrary to the People's contention, the defendant did not validly waive his right to appeal (*see People v Bradshaw*, 18 NY3d 257, 265 [2011]; *People v Lopez*, 6 NY3d 248, 256 [2006]). Thus, review of his excessive sentence claim is not precluded. However, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Dillon, Chambers and Austin, JJ., concur.